**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Donald Nicholson,<br><br>               Plaintiff(s),<br><br>vs.<br><br>Dispack Projects NV, *et al*.,<br><br>               Defendant(s). | 2:16-cv-01335-RFB-MDC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AND DENYING APPLICATION TO PROCEED INFORMA PAUPERIS AS UNNECESSARY (ECF NOS. 156 AND 159)** |

      Counsel, Marjorie Hauf, Matthew Pfau, and Cara Xidis of H&P Law, filed a *Motion to Withdraw* ("Motion"). *ECF No. 156*. The Court GRANTS this Motion. Plaintiff Donald Nicholson also filed an *Application to Proceed In Forma Pauperis* ("IFP Application"), which the Court DENIES as unnecessary because plaintiff does not need to pay a filing fee in this case.

      Counsel argues that plaintiff terminated their representation of him and that there are irreconcilable differences between them. *ECF No. 156 at 2*. Courts generally consider the following four factors when ruling upon a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Castillo v. W. Range Ass'n*, No. 3:16-cv-00237-RCJ-CLB, 2024 U.S. Dist. LEXIS 60553, at *5 (D. Nev. Mar. 29, 2024)(citing cases). All factors favor granting withdrawal.  Counsel seeks to withdraw because plaintiff terminated them. Prejudice is minimized because no one opposes counsel withdrawing. There might be a slight delay because there is a pending Motion to Amend the Order on the default Judgement *(ECF No. 154)* as to one of the defendants. This case is closed, however, regarding the rest of the defendants. Plaintiff is apparently willing to represent himself going forward. The Court grants the Motion.

Plaintiff also filed an IFP Application which is unnecessary because the other defendants removed this case to this Court, so no filing fee is needed.

Accordingly,

**IT IS ORDERED that:**

1. Counsel's *Motion to Withdraw* (*ECF No. 156*) is GRANTED.
2. Plaintiff's IFP Application (*ECF No. 159*) is DENIED as unnecessary.

DATED: March 26, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's

attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.