**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

| | |
|---|---|
| DONALD NICHOLSON, | Case No. 2:16-cv-01335-RFB-MDC |
| Plaintiff, | **ORDER** |
| v. | |
| DISPACK PROJECTS NV d/b/a DOLIUM, a Belgian company, *et al.*, | |
| Defendants. | |

Before the Court are Plaintiff Donald Nicholson's Motion for Default Judgement (ECF No. 153) against Dispack Projects NV d/b/a Dolium, a Belgian company ("Dispack"), Motion to Amend (ECF No. 155), and his *pro se* Motion to Expedite a Ruling (ECF No. 163).

The granting of a default judgment is a two-step process. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The first step is an entry of default, which must be made by the clerk following a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). On September 10, 2024, Mr. Nicholson completed this step when the Clerk of Court, pursuant to the Court's prior Order, entered default as to Dispack. ECF No. 152.

The second step is relevant here. That step is the entry of a default judgment. See Fed. R. Civ. P. 55(b). Either the clerk enters judgment in cases where the plaintiff's claim is for a certain sum, *i.e.* the plaintiff's damages can be made certain by computation, or the party must apply to the Court for default judgment. See Fed. R. Civ. P. 55(b)(1)-(2).

Following the above entry of default, Mr. Nicholson properly filed the instant Motion for Default Judgement. That Motion requests an *uncertain* sum of damages and requests a prove up hearing. However, on September 25, 2024, the Clerk of Court entered default judgment against

Dispack without specifying the total of awarded damages. <u>See</u> ECF No. 154. On October 8, 2024, Mr. Nicholson filed the instant Motion to Amend, seeking the addition of a specification of $10,800,000 of damages plus $9,475,892.50 of prejudgment interest. <u>See</u> ECF No. 155. The Court finds from the record that the Clerk of Court's entry of judgment was in error. As such, the Court will vacate the Clerk's default judgment and set an evidentiary "prove up" hearing on the pending Motion for Default Judgement.

Additionally, the Court has reviewed Mr. Nicholson's Motion for Default Judgment and finds that it fails to provide sufficient legal argument on two issues. First, before entering default judgment against a non-appearing party, the Court has a duty to consider personal jurisdiction. <u>In re Tuli</u>, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, <i>i.e.</i>, the jurisdiction, to enter the judgment in the first place."). Dispack is a Belgian company. In this case, the Court dismissed another co-Defendant Belgian company, Quadrant CMS N.V., for lack of personal jurisdiction. <u>See</u> ECF No. 30. Plaintiff's Motion fails to address the issue of personal jurisdiction over Dispack, and more specifically, why the Court's finding that it lacked personal jurisdiction over Defendant Quadrant CMS N.V. would not apply equally to Dispack. Second, Mr. Nicholson's Motion fails to discuss the factors courts consider under <u>Eitel v. McCool</u>, 782 F.2d 1470 (9th Cir. 1986) in determining whether default judgment is warranted.

Accordingly, the Court will provide Mr. Nicholson an opportunity to submit a supplemental brief addressing (1) why the Court has the authority—<i>i.e.</i> personal jurisdiction—over Dispack to enter default judgment against it and (2) the <u>Eitel</u> factors as described above.

Finally, the Court finds the Motion also fails to provide sufficient information regarding the nature of the damages sought and evidentiary support for those damages. For example, the Motion provides no documentary evidence, such as medical records, substantiating Mr. Nicholson's claim of $50,981.30 in medical expenses already incurred, and $853,388.22 in future medical expenses. <u>See</u> ECF No. 153. Likewise, Mr. Nicholson does not specify the amount or the basis for his damages for pain and suffering and emotional distress. <u>Id.</u>

Default establishes a party's liability, but not the amount of damages. <u>Geddes v. United</u>

Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). The Court does not accept factual allegations relating to the amount of a plaintiff's damages as true. Id. Accordingly, a party seeking default judgment must "prove up" the damages he claims. Id. At the prove up hearing, Mr. Nicholson thus must *prove* his claimed damages against Dispack by legally and factually substantiating the past and future medical expenses, pain and suffering, and emotional distress damages that are claimed in the Motion for Default Judgment. He must submit the evidence he intends to rely on at the prove up hearing in advance.

Therefore, **IT IS HEREBY ORDERED** that the Clerk of Court's Default Judgement (ECF No. 154) is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (ECF No. 155) and Motion to Expedite a Ruling (ECF No. 163) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that an evidentiary hearing on the (ECF No. 154) Motion for Default Judgment is set for **September 5, 2025, at 1:00 p.m. in Courtroom 7C.**

**IT IS FURTHER ORDERED** that on or before July 21, 2025, Plaintiff shall file a supplemental brief, including a memorandum of points and authorities, in support of his (ECF No. 153) Motion for Default Judgment, addressing the issues of personal jurisdiction and the Eitel factors as described above. The brief shall be no longer than 24 pages, excluding exhibits, if any, and otherwise comply with Local Rule 7-3.

**IT IS FURTHER ORDERED** that on or before August 22, 2025, Plaintiff shall submit to the courtroom administrator the evidentiary materials that he intends to rely upon at the September 5, 2025, evidentiary hearing, including a witness list, exhibit list, and exhibits. Witness declarations may be submitted as exhibits in lieu of witness testimony.

**IT IS FURTHER ORDERED** that the witness list and exhibit list shall be provided to the courtroom administrator via email at darci_recihsmith@nvd.uscourts.gov. The witness list will further identify (1) the specific category or categories of Plaintiff's damages that each witness's testimony is relevant to, and (2) the total duration anticipated for each witness's testimony. The exhibit list will also identify the category or categories of Plaintiff's damages that each exhibit is relevant to.

**IT IS FURTHER ORDERED** that any and all exhibits listed on the exhibit list must be submitted to the courtroom administrator, via thumb drive or other storage device, no later than August 22, 2025, by delivery to the Clerk's Office, Attn: Darci Smith, 333 S. Las Vegas Blvd, Las Vegas, NV 89101.

Any evidence not identified and submitted in accordance with this Order will not be permitted at the hearing.

**DATED:** May 12, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**