UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Nicholson,<br><br>     Plaintiff<br>v.<br><br>Dispack Projects NV dba Dolium, a Belgian company, et al.,<br><br>     Defendants | Case No. 2:16-cv-01335-JAD-MDC<br><br>**Order re: Motion for Default Judgment**<br><br>ECF Nos. 153, 168 |

    In this personal-injury action, Donald Nicholson claims that the handle on a beer keg he was carrying broke, causing the keg to fall to the ground and explode. After nine years of litigation, one defendant remains: keg designer and manufacturer Dispack Projects NV dba Dolium, a Belgian company.

    Nicholson's counsel withdrew from this case earlier this year.[1] But before they did, they obtained a default against Dolium and filed a motion for default judgment.[2] That motion was scheduled for hearing before U.S. District Judge Richard F. Boulware, II when he recused from this case yesterday and vacated all pending hearings.[3] This case has since been reassigned to the undersigned judge, who has reviewed the docket and all pending matters, including Nicholson's

---

[1] ECF No. 162.

[2] ECF Nos. 152, 153. The Clerk of Court erroneously entered a default judgment against Dolium, but that judgment was set aside because the court determined that a prove-up hearing was necessary. *See* ECF No. 166.

[3] ECF Nos. 173, 174.

(now moot) motion to continue the evidentiary hearing, in which he explains that he is looking for new counsel.[4]

### A. The court denies the pending motion for default judgment because it lacks information the court needs to adjudicate it.

When determining whether a default judgment is available, the court must evaluate the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Without an analysis from the plaintiff of how the *Eitel* factors justify default judgment, this court cannot fairly determine whether default judgment is available here. Nicholson's pending motion for default judgment lacks any discussion of *Eitel* or its factors,[5] leaving this court unable to properly evaluate whether the *Eitel* factors support the requested default judgment. This reason alone compels me to deny the motion for default judgment.

But a missing *Eitel* discussion isn't the only deficiency of that motion. As Judge Boulware explained back in May of this year, the motion fails to establish that this court has jurisdiction over this Belgian defendant.[6] It also "fails to provide sufficient information regarding the nature of the damages sought and evidentiary support for those damages."[7] And although Judge Boulware gave Nicholson two months to file a supplemental brief and evidentiary materials,[8] those items have not yet been provided.

---

[4] ECF No. 175.
[5] ECF No. 153.
[6] ECF No. 166 at 2.
[7] *Id*.
[8] *Id*. at 3.

Because of the numerous, material deficiencies in the pending motion for default judgment, IT IS ORDERED that the motion is DENIED without prejudice to Nicholson's ability to refile a complete, properly supported motion.

**B.     Nicholson has until November 24, 2025, to file a proper, renewed motion for default judgment.**

While Judge Boulware's order vacating the evidentiary hearing on that motion mooted Nicholson's motion to continue that hearing and related deadlines, and I thus DENY that motion [ECF No. 168] as moot, for the reasons Nicholson explains in that motion, I grant him an extended 90 days to renew that motion for default judgment. So Nicholson has until <u>November 24, 2025</u>, to file a renewed motion for default judgment that includes (a) an explanation of why this court has personal jurisdiction over Dolium when it lacked personal jurisdiction over Defendant Quadrant CMS N.V. (*see* ECF Nos. 6-1, 30), (b) a proper analysis of why default judgment is appropriate under the *Eitel* factors, and (c) a comprehensive explanation of all damages sought, with accompanying evidentiary support. Failure to file a proper renewed motion for default judgment by this deadline may result in the dismissal of Nicholson's claims against this remaining defendant without further prior notice.

Nicholson is cautioned that if he is unable to retain an attorney in time to meet this extended deadline, he will have to file the motion on his own. He is advised to familiarize himself with the rules of this court, which can be found on this court's website at <u>https://www.nvd.uscourts.gov/</u>.

**Conclusion**

IT IS THEREFORE ORDERED that the motion **[ECF No. 153] is DENIED without prejudice to Nicholson's ability to refile a properly supported motion addressing all issues identified above by November 24, 2025.**

IT IS FURTHER ORDERED that the motion to continue the previously set evidentiary hearing and related deadlines **[ECF No. 168] is DENIED as moot.**

**The Clerk of Court is directed to SEND [ECF Nos. 153, 166]** a copy of the motion for default judgment and the court's May 12, 2025, order **to Nicholson, along with a copy of this order.**

_____
U.S. District Judge Jennifer A. Dorsey
August 26, 2025