UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Donald Nicholson,<br><br>               Plaintiff,<br><br>vs.<br><br>Dispack Projects NV, et al.,<br><br>               Defendants. | 2:16-cv-01335-JAD-MDC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER (ECF NO. 171) AND GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 172)** |

Pro se plaintiff Donald Nicholson filed a *Motion for a Protective Order* (ECF No. 171) and a *Motion to Strike* (ECF No. 172). The Court DENIES plaintiff's Motion for a Protective Order and GRANTS plaintiff's Motion to Strike.

I.     BACKGROUND

This is a products liability case: a beer keg allegedly exploded on the plaintiff and severely injured him. *ECF No. 2-1 at 10*. Counsel at H&P Law filed this case over a decade ago on behalf of the plaintiff. *Id. at 3*. Plaintiff settled with one of the defendants. *ECF No. 102*. H&P Law later withdrew due to irreconcilable differences and Nicholson is now representing himself as a pro se litigant. *ECF No. 162*. H&P Law represents that it perfected a lien for its attorney's fees and costs in this matter in the amount of $211,044.87. *See ECF No. 178 at 22*. After an interpleader action in state court, H&P filed a Notice of Attorney's Lien ("Notice") in this case regarding $11,301.11 in remaining attorney's fees and costs that it now seeks from plaintiff, plus 40% of any recovery he receives from the remaining defendant. *ECF No. 167*.

Plaintiff argues in his Motion for a Protective Order that his former counsel exploited him, and he asks the Court to refer the attorneys to the bar for discipline. *ECF No. 171*. Plaintiff argues in his Motion to Strike that the Notice should be stricken and declared invalid. *ECF No. 172*. H&P Law argue in opposition to both motions that the Notice is proper, and that plaintiff is within his rights to file a

1

complaint with the Nevada State Bar without the involvement of the Court. *ECF Nos. 178 and 179*. Plaintiff argues in his replies that H&P Law took all his settlement money, that he is now destitute, catastrophically injured, and needs the protection of the Court. *ECF No. 180 and 181 at 3*.

## II.    DISCUSSION

### A.  Legal Standard

Under Rule 26(c), the Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Fed. R. Civ. P. 12(f) states that a "court may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Redundant matters are duplicative and repetitive. Fed R. Civ. P. 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. A motion to strike under Fed. R. Civ. P. 12(f) is limited to pleadings. *United States v. Crisp*, 190 F.R.D. 546, 550–51 (E. D. Cal. 1999) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

Courts in addition have the inherent power to strike a party's submissions other than pleadings. *See Metzger v. Hussman*, 682 F.Supp. 1109, 1110 (D. Nev. 1988); see also *Calkins v. Shapiro & Anderson, L.L.P.*, No. 05–0815–PHX–ROS, 2005 WL 3434718, at *3 (D. Ariz. Dec. 13, 2005); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (recognizing the district court's inherent power and discretion to sanction litigants or attorneys). The alternative basis for striking improper filings is the district court's "inherent power over the administration of its business. It has inherent authority to regulate the conduct of attorneys who appear before it [and] to promulgate and enforce rules for the management of litigation...." See *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted). For example, district courts follow a long-standing practice of striking filings that do not comply with the Federal Rules of Civil Procedure or Evidence. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002) (recognizing practice of striking improperly filed affidavits).

Pursuant to NRS 18.015(3), to perfect an attorney lien, the attorney must serve "notice in writing, in person or by certified mail, *return receipt requested*, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." *Id*. (emphasis added).  To allow attorneys working on a contingency basis the ability to comply with NRS 18.015(4), "the notice of the lien must disclose an attorney's agreed upon contingency percentage and claim court costs and out-of-pocket costs advanced by the attorney in an amount to be determined."  *Golightly & Vannah, PLLC v. TJ Allen, LLC*, 132 Nev. 416, 420–21, 373 P.3d 103, 106 (2016).

**B. Analysis**

Regarding plaintiff's request for a protective order, the Court does not make a determination about the reasonableness of any fees or costs claimed by H&P Law. The Court does not have enough information to determine whether H&P Law has violated any ethics rules, so the Court declines referring H&P Law to the State Bar of Nevada. Plaintiff however, as H&P Law notes, has the right to file a complaint with the State Bar of Nevada Office of Bar Counsel[1] without judicial intervention. The Court denies plaintiff's request for a protective order.

Regarding plaintiff's Motion to Strike the Notice, Nevada law expressly allows attorneys to perfect liens for which they believe attorneys' fees and costs are owed. *See NRS 18.015.*  The reasonableness of the requested fees and costs is a separate matter.  Thus, H&P has a right to file a notice pursuant to NRS 18.015.  That said, there are several problems with Notice at issue. While H&P Law gave plaintiff notice of its lien in person, which plaintiff signed, in March 2020 (*see ECF No. 179 at 23),* H&P Law does not show in its opposition that the subsequent Notice complies with NRS 18.015. H&P Law served the Notice by certified mail, but did not request a return receipt. *ECF No. 167*.  Notice

---

[1] Plaintiff may visit the State Bar of Nevada's website at https://nvbar.org/file-a-complaint-2/ or by visiting https://perma.cc/6BPF-QDK4.

may not be perfected as to defendant Dispak Projects NV, because there is no indication regarding the return receipt being requested. There is also a typographical error on the Notice in the header, which states that H&P Law represents the plaintiff. *Id*. Since the Notice is defective, the Court strikes the Notice pursuant to its inherit power. H&P Law may file a new Notice, however, if it corrects the defects.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff Donald Nicholson's *Motion for a Protective Order* (ECF No. 171) is DENIED.

2. Plaintiff's *Motion to Strike* (ECF No. 172) is GRANTED.

3. The Clerk of Court is kindly directed to STRIKE the Notice of Attorney's Lien (ECF No. 167) from the docket.

DATED October 1, 2025.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d

1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.