1

**UNITED STATES DISTRICT COURT**

2

**DISTRICT OF NEVADA**

3

4   Donald Nicholson,                          Case No. 2:16-cv-01335-JAD-MDC

5           Plaintiff                          **Order Granting Extension of Time but**
                                               **Denying Other Relief**
6   v.

7   Dispack Projects NV dba Dolium, a Belgian    ECF Nos. 184, 186
    company, et al.,

8           Defendants

9

10          In this personal-injury action, Donald Nicholson claims that the handle on a beer keg he

11   was carrying broke, causing the keg to fall to the ground and explode.  After nine years of

12   litigation, one defendant remains: keg designer and manufacturer Dispack Projects NV dba

13   Dolium, a Belgian company.  Nicholson's counsel withdrew from this case earlier this year.[1]

14   But before they did, they obtained a default against Dolium and filed a motion for default

15   judgment.[2]  I denied that motion due to numerous, material deficiencies, and I gave Nicholson

16   until November 24, 2025, to file a new, properly supported one.[3]

17          Nicholson now moves for a 120-day extension of that deadline, asks this court to answer

18   various questions he has about procedure and the sufficiency of his evidence, and requests that

19   the court appoint him an attorney.  Because Nicholson has shown good cause for the extension of

20   time, I grant his extension request, but I deny his other requests.  To the extent that he seeks

21

22   ───────────────
     [1] ECF No. 162.

23   [2] ECF Nos. 152, 153.

     [3] ECF No. 176.

"clarification" about his prove-up obligations or aspects of his burdens, that request is denied because this court cannot give legal advice about the type, sufficiency, or quantity of evidence that the plaintiff may choose to submit, or about his obligations to provide notice. Nicholson's request for appointment of counsel is also denied. Although this court has the limited ability to find and appoint lawyers for certain indigent civil litigants in a small number of cases, that resource is scarce, and Nicholson has not demonstrated that he is indigent or that this is the type of case in which appointment of counsel is warranted.

Nicholson has also filed an objection to the magistrate judge's order striking his prior counsel's lien. The magistrate judge granted that motion and struck counsel's lien filing as defective, noting that counsel could "file a new notice, however, if it corrects the defects."[4] Nicholson argues that there were more defects in that notice than the court perceived.[5] His former counsel asks the court to overrule that objection.[6]

Nicholson was granted the relief he requested by the motion: the court struck the notice as defective. There was no legal or equitable justification on this record to bar counsel from filing a new notice after completing the statutory requirements. In the event that counsel files a new notice, Nicholson will have a fresh opportunity to point out to the court any defects in or with it at that time. Because the magistrate judge's order was not clearly erroneous or contrary to law, I overrule Nicholson's objection to it without prejudice to his ability to seek relief from any future lien efforts by counsel.

---

[4] ECF No. 182 at 4.

[5] ECF No. 184.

[6] ECF No. 185.

Finally, the court notes that Nicholson's recent filings have all been captioned as "expedited." Expedited requests should be rare, and they must comply with this court's Local Rule IA 6-1 for shortening time or Local Rule 7-4 for emergency disputes. None of Nicholson's recent filings warrant "expedited" treatment. He is **cautioned that he should not title his requests in this way in the future** unless they specifically comply with one of this court's local rules for expedited requests.

IT IS THEREFORE ORDERED that the plaintiff's request for a 120-day extension of time to file a properly supported motion for default judgment **[ECF 186] is GRANTED. Plaintiff's filing deadline (originally set for 11/24/25 in ECF No. 176) is extended to March 23, 2026. Because this extension is so long, NO FURTHER EXTENSIONS OF THIS DEADLINE WILL BE GRANTED. In all other respects, the motion at ECF No. 186 is DENIED.**

IT IS FURTHER ORDERED that plaintiff's corrected objection to the magistrate judge's order [ECF No. 182] regarding counsel's lien notice **[ECF No. 184] is OVERRULED.**

_____

U.S. District Judge Jennifer A. Dorsey
November 18, 2025